UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 08-61757-CIV-MORENO/TORRES

IN RE: THE PETITION OF MS "MADELEINE"
SCHIFFAHRTSGESELLSCHAFT mbH & CO.,
KG, REEDEREI ALNWICK HARMSTORF & CO.
GmbH & CO. KG AND BANGOR CASTLE
SHIPPING COMPANY LIMITED AS OWNER,
MANAGING OWNER AND BAREBOAT
CHARTERER RESPECTIVELY OF THE
VESSEL, M/V "MADELEINE", FOR
EXONERATION FROM OR LIMITATION OF
LIABILITY,

       Petitioners,

                   /

## CLAIMANT, SOOKNANAN'S, AMENDED CLAIM AGAINST PETITIONERS

      Claimant, VERNA SOOKNANAN, as the Personal Representative of the

ESTATE OF HAYMAN SOOKNANAN (hereinafter "SOOKNANAN"), deceased, as

well as for all potential beneficiaries of the Estate, including VERNA SOOKNANAN,

the surviving spouse, and CHRIS SOOKNANAN and VANESSA SOOKNANAN, the

surviving children, hereby files her Amended Claim against the Petitioners, MS

"MADELEINE" SCHIFFAHRTSGESELLSCHAFT mbH & CO., KG, REEDEREI

ALNWICK HARMSTORF & CO. GmbH & CO. KG, BANGOR CASTLE SHIPPING

COMPANY LIMITED, and the fund or bond posted as substitute security for the *M/V*

*Madeleine* and alleges[1]:

---

[1] Sooknanan's Amended Claim is being filed as of right pursuant to Fed. R. Civ. P. 15(a)(1)(A) since
Petitioner's Motion to Dismiss is not a "responsive pleading." *Williams v. Board of Regents of the Univ.
Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007).

## GENERAL PROCEDURAL ALLEGATIONS

1.      This action concerns the accidental death of HAYMAN SOOKNANAN that happened while he was working as a longshoreman on board the general cargo container ship *Madeleine* in Port Everglades, Florida on or about May 20, 2008.

2.      This Court has subject matter jurisdiction of the general maritime negligence wrongful death claims pursuant to Title 28 U.S.C. § 1333 and Title 33 U.S.C. § 905(b).

3.      This Court also has subject matter jurisdiction based on federal question jurisdiction under Title 33 U.S.C. § 905(b) and Title 28 U.S.C. § 1331.

4.      This Court has supplemental jurisdiction of the Florida negligence wrongful death claims pursuant to Title 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over the Petitioners/Defendants since they voluntarily filed this action and it has jurisdiction over the *M/V Madeleine* by way of the fund or bond that has been posted as substitute security for the Vessel.

6.      At all times material hereto, decedent HAYMAN SOOKNANAN was a longshoreman who worked for Florida Transportation Services, Inc., which was and is a stevedoring company with its principle place of business at Port Everglades, Florida.

7.      At all times material hereto, decedent HAYMAN SOOKNANAN, was working on the *M/V Madeleine* as a longshoreman to help load the Vessel.

8.      Plaintiff, VERNA SOOKNANAN, is the Personal Representative of the Estate of HAYMAN SOOKNANAN, Decedent.

2

9.     Plaintiff, VERNA SOOKNANAN as Personal Representative of the Estate of HAYMAN SOOKNANAN, Decedent, brings this action on behalf of all potential beneficiaries of a recovery for the wrongful death of the Decedent, to wit:

      a.     The Decedent's estate;

      b.     VERNA SOOKNANAN, the surviving widow of the Decedent, as the term "widow" is defined by Title 33 U.S.C. § 902(16);

      c.     CHRIS SOOKNANAN, the "surviving" son of decedent, HAYMAN SOOKNANAN, who was born on July 2, 1985, as that term is defined as a matter of law;

      d.     VANESSA SOOKNANAN, the "surviving" daughter of decedent, HAYMAN SOOKNANAN, who was born on May 12, 1983, as that term is defined as a matter of law;

10.     At all times material hereto, VERNA, CHRIS and VANESSA SOOKNANAN, received support, services, nurture and guidance from decedent, HAYMAN SOOKNANAN.

11.     At all times material hereto, VERNA, CHRIS and VANESSA SOOKNANAN, were and are "survivors" of HAYMAN SOOKNANAN as that term is defined by Title 33 U.S.C. § 902, the general maritime law and Florida's wrongful death statute § 768.18(1).

12.     At all times material hereto, CHRIS and VANESSA SOOKNANAN, are "child[ren]" as that term is defined by Title 33 U.S.C. § 902(14).

13.     At all times material hereto, the *M/V Madeleine* (hereinafter "*Madeleine*"

or "Vessel"), was and is a 100 meter, 4454 gross ton General Cargo Ship registered in Antigua and Barbuda with IMO No. 9196943.

14.     At all times material hereto, the *Madeleine* was and is a commissioned vessel that operates on navigable waters, including the territorial waters of the State of Florida.

15.     At all times material hereto, the *Madeleine* was and is regularly engaged in the business of carrying containerized cargo to and from various ports including Port Everglades, Florida.

16.     At all times material hereto, Petitioner/Defendant, MS "MADELEINE" SCHIFFAHRTSGESELLSCHAFT mbH & CO., KG, was and is a German corporation that owns the *M/V Madeleine.*

17.     At all times material hereto, Petitioner/Defendant, REEDEREI ALNWICK HARMSTORF & CO. GmbH & CO. KG, was and is a German corporation that was and is involved with managing the *M/V Madeleine.*

18.     At all times material hereto, Petitioner/Defendant, BANGOR CASTLE SHIPPING COMPANY LIMITED, was and is a foreign corporation and the charterer of the *M/V Madeleine.*

19.     The Petitioners/Defendants and the *M/V Madeleine* did one or more of the following acts within the State of Florida:

> (a)   Operated, conducted, engaged in or carried on a business venture in this state;
> (b)   were engaged in substantial activity within the state;
> (c)   committed tortious acts within the state;
> (d)   operated the Vessel on the territorial waters of this state; and/or,

(e)   committed one or more of the acts stated in Florida Statutes, § 48.081, 48.181 or 48.193, in this state.

20.   The causes of action asserted in this Claim are governed by either Title 33 U.S.C. § 905(b) and the general maritime law or Florida's Wrongful Death Act §§ 768.16, *et. seq.*[2]

21.   This Court is the proper venue for resolving this action.

22.   Claimants' Personal Representative, the Estate and survivors, have fulfilled any and all conditions precedent to bringing this suit.

23.   Claimants' Personal Representative, the Estate and survivors seek to recover damages from the Petitioners/Defendants as well as the posted bond or substitute security in accordance with the applicable law.   The Petitioners/Defendants are jointly and severally liable for damages.

24.   At all times material hereto, Petitioners/Defendants had privity or knowledge of the faulty equipment and/or dangerous conditions on board the Vessel, which conditions contributed in causing the subject accident.

## GENERAL FACTUAL ALLEGATIONS ABOUT THE ACCIDENT

25.   On or about May 19, 2008 the Petitioners/Defendants and the *Madeleine* hired Florida Transportation Services as the stevedore to load assorted

---

[2] Some cases suggest that 905(b) preempts any cause of action a Plaintiff may pursue against a vessel owner or vessel *in rem* other than negligence actions under 905(b) and the general maritime law. *See, e.g., Norfolk Shipbuilding & Drydock Corp. v. Garris,* 532 U.S. 811, 820 \*U.S. 2001); *Hess v. Upper Mississippi Towing Corp,* 559 F.2d 1030 (5ᵗʰ Cir. 1977); *McLaurin v. Noble Drilling,* 529 F.3d 285, 289 (5ᵗʰ Cir. 2008); and *In Re Complaint of Donjon Marine Co.,* 2008 US Dist. LEXIS 59102 (SDNY July 30, 2008).   However, other cases indicate that Plaintiffs may also plead state wrongful death claims. *See, e.g., Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 26 L. Ed. 2d 339 (1970); *Yamaha Motor Corp. v. Calhoun,*516 U.S.199, 133 L. Ed. 2d 578 (1995) ("The Court…notably left in place [Moragne's] negligence claim…stated under Florida's law.")   Accordingly, Plaintiff is pleading a Florida wrongful death claim, if only in an abundance of caution to preserve any available causes of action Plaintiff may have.

cargo on the Vessel.

26.     One of the cargoes to be loaded onto the *Madeleine* was a tank container filled with hazardous gas.

27.     At all times material hereto, the Petitioners/Defendants prepared the load plan (a/k/a "stow" plan) concerning how the assorted cargoes were to be stowed on board the Vessel, including the subject tank container filled with gas.

28.     The ventilation/blower system for the *Madeleine's* cargo hold was not operational, not working properly or adequate to ventilate the subject gas in event of its leakage, prior to and at the time the Vessel arrived in Port Everglades, Florida on or about May 19, 2008.

29.     The Petitioners/Defendants had an opportunity to inspect and repair the Vessel's ventilation/blower system for the cargo holds prior to loading the tank container filled with gas but they did not do so.

30.     During the early evening hours of May 19, 2008, Florida Transportation Services loaded the tank container filled with gas, other cargo containers and road construction machinery in one of the enclosed cargo holds on board the *Madeleine*.

31.     Florida Transportation Services loaded the tank container and other cargoes in the Vessel according to the stow plan prepared by the Petitioners/Defendants.

32.     The tank container filled with gas was the first item placed in the Vessel's hold and was followed by other cargo containers and road construction machinery.

33.     Florida Transportation Services' longshoremen did not observe the tank container leaking any gas and they did not report feeling ill, prior to, or during, loading it into the cargo hold.

34.     Once the tank container, cargo containers and machinery were placed inside the Vessel's hold according to the load plan, Florida Transportation Services' longshoremen turned the hold over to the Vessel's crew who were responsible for lashing and/or securing the containers and machinery inside the hold.

35.     During the early morning hours of May 20, 2008 the Vessel's crew that were lashing down or securing the containers and machinery inside the hold started feeling ill and they reported their condition to the Vessel's second mate.

36.     At the time the Vessel's crew started feeling ill, the Vessel's crew had complete possession, custody and control of the hold and the cargo inside, including the tank container filled with gas.

37.     Claimant's decedent, HAYMAN SOOKNANAN, told the other longshoremen to continue loading cargo into another one of the Vessel's holds while he went to the hold where the subject tank container filled with hazardous gas was located.

38.     Approximately 45 minutes to an hour after HAYMAN SOOKNANAN went to the hold were the tank container was located, someone observed SOOKNANAN lying at the bottom of the hold.  It was subsequently determined that HAYMAN SOOKNANAN died of oxygen deprivation caused by a leak of hazardous gas from the subject tank container.

39.    James Cason and Rene Robert Dutertre, Jr., fellow longshoremen, went down into the Vessel's hold to try to rescue HAYMAN SOOKNANAN.

40.    Both James Cason and Rene Robert Dutertre, Jr. were overcome, fell and died in the unventilated hold while trying to rescue HAYMAN SOOKNANAN.

**COUNT I**
**THE SOOKNANAN ESTATE'S WRONGFUL DEATH CLAIM**
**BASED ON TITLE 33 U.S.C. § 905(b) AND MARITIME NEGLIGENCE**

Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the ESTATE OF HAYMAN SOOKNANAN, re-alleges the allegations contained in paragraphs 1 through 19 and 21 through 40 of the Amended Claim as if fully set forth herein.

41.    This claim is governed by Title 33 U.S.C. § 905(b) and the general maritime law of the United States.

42.    At all times material hereto, Petitioners/Defendants and the *Madeleine*, owed the following reasonable duties of care to protect Claimants' decedent, HAYMAN SOOKNANAN, from unreasonable risks while he was a longshoreman aboard the Vessel:

    a.    The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to turn the Vessel over to the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, in a condition that an experienced stevedore and longshoremen would be able to perform cargo operations with reasonable safety;

    b.    At the time of the Vessel's turnover, the Petitioners/Defendants and the *Madeleine* owed a reasonable duty of care to warn the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, of latent dangers on board the Vessel;

c.  The Petitioners/Defendants and the *Madeleine* owed a reasonable duty of care to prepare or develop a load or stow plan that was reasonably safe and in compliance with applicable safety regulations;

d.  The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to inspect, maintain and care for the Vessel, its equipment and cargo that remained under their control after stevedoring operations began so as to avoid exposing longshoremen, such as the decedent, HAYMAN SOOKNANAN, to harm from hazards they may encounter on board the Vessel;

e.  The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to intervene in the subject stevedoring operations and to stop work until the hazards were remedied when they knew of a hazard presented to the crew and longshoremen, including decedent, HAYMAN SOOKNANAN;

f.  The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to train their master, crew and port captain on the proper procedures for handling emergency situations such as the subject gas leak from the tank container; and/or,

g.  The Petitioners/Defendants and the *Madeleine* owed a reasonable duty of care to train their master, crew and port captain about the location of emergency equipment and the proper use of said equipment for handling emergency situations such as the gas leak from the tank container and fallen longshoremen.

43.  Prior to the time the *Madeleine*, was turned over to the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, on or about May 19 - 20, 2008, the Petitioners/Defendants knew, or should have known, the ventilation/blower system for the Vessel's cargo hold was not working properly, and in particular, not capable of injecting and moving sufficient oxygen into the hold where the argon filled tank was to be carried so as to be safe for human activities within the hold in event of argon leakage.

44.     Prior to the subject stevedoring operations on board the *Madeleine,* the Petitioners/Defendants knew, or should have known, of the shipment of hazardous gas that was to be loaded on board in Port Everglades, Florida.

45.     Prior to the subject stevedoring operations on board the *Madeleine,* the Petitioners/Defendants had an opportunity to repair, fix or remedy the Vessel's ventilation/blower system but did not do so, and failed to assure that the ventilation capacity existed to handle the known hazardous cargo.

46.     At the time the *Madeleine,* was turned over to the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, the Vessel's ventilation/blower system was inoperable or not working properly or lacking capacity to ventilate, move the air or inject sufficient oxygen into the subject hold during the storage of the argon tank.

47.     The Petitioners/Defendants and *Madeleine* did not warn the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, about the non-working or insufficient ventilation/blower system at the time the Vessel was turned over.

48.     Petitioners/Defendants and *Madeleine* breached their reasonable duties of care to protect Plaintiff's decedent, HAYMAN SOOKNANAN, from unreasonable risks through one or more of the following acts or omissions:

    a.     The *Madeleine* was turned over to the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, with faulty equipment, including a non-functioning, insufficient or improperly working ventilation/blower system, which prevented the subject cargo

operations from being performed with reasonable safety;

b.   The Petitioners/Defendants and the *Madeleine* failed to warn the stevedore and its longshoremen, including decedent, HAYMAN SOOKNANAN, of the non-functioning, insufficient or improperly working ventilation/blower system, which was a latent danger on board the Vessel;

c.   The Petitioners/Defendants and the *Madeleine* failed to inspect and maintain the Vessel's ventilation/blower system in working order, which system remained in the Petitioners/Defendants and Vessel's possession or control after it was turned over to the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN;

d.   The Petitioners/Defendants and the *Madeleine* failed to develop or prepare a reasonably safe stowage plan for the tank container filled with hazardous gas;

e.   The Petitioners/Defendants and the *Madeleine* are liable for their crew's fault or negligence in securing the tank container inside the hold, which crew negligence or fault caused, or substantially contributed in causing, the subject gas leak;

f.   The Petitioners/Defendants and the *Madeleine* are liable for failing to secure the subject cargo hold and ordering the crew and longshoremen off the Vessel until a hazardous materials team could inspect the Vessel to determine the source and cause of the illness felt by the crew;

g.   The Petitioners/Defendants and the *Madeleine* are liable for their port captain's negligent order to SOOKNANAN to remove the tank container from the hold, which caused SOOKNANAN to collapse inside the hold and required emergency assistance to try and remove him from the hold;

h.   After the Petitioners/Defendants and the *Madeleine* knew or should have known that there was a gas leak in the Vessel's cargo hold, they failed to intervene to stop the cargo operations to protect the decedent, HAYMAN SOOKNANAN, from harm; and/or,

i.   The Petitioners/Defendants and the *Madeleine's* master, crew and port captain were not properly trained about the location and use of emergency rescue equipment on board for purposes of rescuing the decedent SOOKNANAN and DUTERTRE from

the cargo hold.

49.    At  all  times  material  hereto,  Claimant's  decedent,  HAYMAN

SOOKNANAN, exercised reasonable care for his own safety in working on board the

*Madeleine.*

50.    As  a  direct  and  proximate  result  of  the  aforementioned  fault  or

negligence  of  the  Petitioners/Defendants  and/or  the  *Madeleine*,  HAYMAN

SOOKNANAN, was killed by hazardous gas while working on board the Vessel.

51.    As  a  direct  and  proximate  result  of  the  aforementioned  fault  or

negligence  of  the  Petitioners/Defendants  and/or  the  *Madeleine*,  the  ESTATE  OF

HAYMAN SOOKNANAN, sustained damages.

WHEREFORE, Plaintiff, VERNA SOOKNANAN, as the Personal

Representative  of  the  ESTATE  OF  HAYMAN  SOOKNANAN,  prays  for  the

following:

     (a)    That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

     (b)    That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

     (c)    That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

     (d)    For such other and further relief as this Court may deem just and proper.

**COUNT II**
**THE SOOKNANAN ESTATE'S WRONGFUL DEATH CLAIM**
**BASED ON TITLE 33 U.S.C. § 905(b) AND**
**GENERAL MARITIME *RES IPSA LOQUITUR* NEGLIGENCE**

Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the ESTATE OF HAYMAN SOOKNANAN, re-alleges the allegations contained in paragraphs 1 through 19 and 21 through 51 of the Amended Claim as if fully set forth herein.

52.    At all times material hereto, Claimant's decedent, HAYMAN SOOKNANAN, was without fault in regard to the hazardous gas accident that happened on or about May 20, 2008.

53.    At all times material hereto, the ventilation/blower system of the *Madeleine* was under the exclusive control of the Petitioners/Defendants and the Vessel.

54.    The non-functioning or deficient ventilation/blower system is of the type that ordinarily does not occur in the absence of negligence.

55.    At all times material hereto, the subject cargo hold and tank container were under the exclusive control of the Vessel's crew when the gas leak occurred.

56.    Claimant's decedent's accident is of a type that ordinarily does not occur in the absence of negligence.

13

57.     The general maritime law recognizes the doctrine of *res ipsa loquitur*. *Johnson v. United States,* 333 U.S. 46, 68 S. Ct. 391 (1948); *United States v. Baycon Indus., Inc.,* 804 F.2d 630 (11th Cir. 1986); *Rockey v. Royal Caribbean Cruises, Ltd.,* 2001 U.S. Dist. LEXIS 21886 (S. D. Fla. 2001).

WHEREFORE, Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the ESTATE OF HAYMAN SOOKNANAN, prays for the following:

(a)     That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)     That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)     That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)     For such other and further relief as this Court may deem just and proper.

## COUNT III
## THE SOOKNANAN ESTATE'S FLORIDA WRONGFUL DEATH NEGLIGENCE CLAIM

Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the ESTATE OF HAYMAN SOOKNANAN, re-alleges the allegations contained in paragraphs 1 through 19 and 21 through 40 of the Amended Claim as if fully set forth herein.

58.     This claim is governed by Florida Statute §§ 768.16 through 768.26

(hereinafter "Florida Wrongful Death Act").

59.    At all times material hereto, the Petitioners/Defendants and the

*Madeleine,* owed the following reasonable duties of care to protect Plaintiff's decedent,

HAYMAN SOOKNANAN, from unreasonable risks while he was a longshoreman

aboard the Vessel:

a.    The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to turn the Vessel over to the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, in a condition that an experienced stevedore and longshoremen would be able to perform cargo operations with reasonable safety;

b.    At the time of the Vessel's turnover, the Petitioners/Defendants and the *Madeleine* owed a reasonable duty of care to warn the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, of latent dangers on board the Vessel;

c.    The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to prepare a stow plan that was reasonably safe and in compliance with applicable safety regulations;

d.    The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to inspect, maintain and care for the Vessel, its equipment and cargo that remained under their control after stevedoring operations began so as to avoid exposing longshoremen, such as the decedent, HAYMAN SOOKNANAN, to harm from hazards they may encounter on board the Vessel;

e.    The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to intervene in the subject stevedoring operations and to stop work until the hazards were remedied when they knew of a hazard presented to the crew and longshoremen, including decedent, HAYMAN SOOKNANAN;

f.    The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to train their master, crew and port captain on the proper procedures for handling emergency situations such as the gas leak from the tank container; and/or,

g.    The Petitioners/Defendants and the *Madeleine* owed a reasonable duty of care to train their master, crew and port captain about the location of emergency equipment and the proper use of said equipment for handling emergency situations such as the gas leak from the tank container and fallen longshoremen.

60.    Prior to the time the *Madeleine* was turned over to the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, on or about May 19 - 20, 2008, the Petitioners/Defendants knew, or should have known, the ventilation/blower system for the Vessel's cargo hold was not working properly, and in particular, not capable of injecting and moving sufficient oxygen into the hold where the argon filled tank was to be carried so as to be safe for human activities within the hold in event of argon leakage.

61.    Prior to the subject stevedoring operations on board the *Madeleine,* the Petitioners/Defendants knew, or should have known, of the shipment of potentially hazardous gas that was to be loaded on board in Port Everglades, Florida.

62.    Prior to the subject stevedoring operations on board the *Madeleine,* the Petitioners/Defendants had an opportunity to repair, fix or remedy the Vessel's ventilation/blower system but did not do so, and failed to assure that the ventilation capacity existed to handle the known hazardous cargo.

63.    At the time the *Madeleine,* was turned over to the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, the Vessel's ventilation/blower system was inoperable or not working properly or lacking capacity to ventilate, move the air or inject sufficient oxygen into the subject hold during the

storage of the argon tank.

64.     The Petitioners/Defendants and/or *Madeleine* did not warn the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, about the non-working or deficient ventilation/blower system at the time the Vessel was turned over.

65.     Further, the Petitioners/Defendants and/or *Madeleine* did not warn the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, about the danger of going back into the hold where the argon tank container was located once the Vessel's crew reported feeling ill while working inside.

66.     The Petitioners/Defendants and/or the *Madeleine* and their master, crew and/or port captain were either wholly or substantially responsible for causing the tank container to leak.

67.     The Petitioners/Defendants and/or the *Madeleine,* breached their reasonable duties of care to protect Plaintiff's decedent, HAYMAN SOOKNANAN, from unreasonable risks through one or more of the following acts or omissions:

    a.     The *Madeleine* was turned over to the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN, with faulty equipment, including a non-functioning, insufficient or improperly working ventilation/blower system, which prevented the subject cargo operations from being performed with reasonable safety;

    b.     The Petitioners/Defendants and/or *Madeleine* failed to warn the stevedore and its longshoremen, including decedent, HAYMAN SOOKNANAN, of the non-functioning, insufficient or improperly working ventilation/blower system, which was a latent danger on board the Vessel;

c.    The Petitioners/Defendants and/or *Madeleine* failed to inspect and maintain the Vessel's ventilation/blower system in working order, which system remained in their possession or control after the Vessel was turned over to the stevedore and its longshoremen, including the decedent, HAYMAN SOOKNANAN;

d.    The Petitioners/Defendants and/or *Madeleine* failed to develop or prepare a reasonably safe stowage plan for the tank container filled with hazardous gas;

e.    The Petitioners/Defendants and/or *Madeleine* are liable for their master's, crew's and/or port captain's fault or negligence in securing the tank container inside the hold, which negligence or fault caused, or substantially contributed in causing, the subject gas leak;

f.    The Petitioners/Defendants and/or *Madeleine* are liable for failing to secure the subject cargo hold and ordering the crew and longshoremen off the Vessel until a hazardous materials team could inspect the Vessel to determine the source and cause of the illness felt by the crew;

g.    The Petitioners/Defendants and/or the *Madeleine* are liable for their master's or port captain's negligent order to SOOKNANAN to remove the tank container from the hold;

h.    After the Petitioners/Defendants and/or *Madeleine* knew or should have known that there was a gas leak in the Vessel's cargo hold, they failed to intervene to stop the cargo operations to protect the decedent, HAYMAN SOOKNANAN from harm; and/or,

i.    The Petitioners/Defendants and/or *Madeleine's* master, crew and port captain were not properly trained about the location and use of emergency rescue equipment on board for purposes of rescuing the decedent SOOKNANAN from the cargo hold.

68.    At all times material hereto, Claimant's decedent, HAYMAN SOOKNANAN, exercised reasonable care for his own safety in working on board the *Madeleine*.

69.    As a direct and proximate result of the aforementioned fault or

negligence of the Petitioners/Defendants and/or *Madeleine,* HAYMAN SOOKNANAN, was killed by oxygen deprivation while working on board the Vessel.

70.    As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or *Madeleine,* the ESTATE OF HAYMAN SOOKNANAN, sustained damages.

WHEREFORE, Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the ESTATE OF HAYMAN SOOKNANAN, prays for the following:

(a)    That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)    That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)    That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security, for all of Claimant's damages together with prejudgment interest and costs; and,

(d)    For such other and further relief as this Court may deem just and proper.

## COUNT IV
## CHRIS SOOKNANAN'S WRONGFUL DEATH CLAIM
## BASED ON TITLE 33 U.S.C. § 905(b) AND MARITIME NEGLIGENCE

Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and CHRIS SOOKNANAN, re-alleges the allegations contained in paragraphs 1 through 19 and 21 through 51 of the Amended Claim as if

fully set forth herein.

71.    As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or the *Madeleine*, CHRIS SOOKNANAN, sustained damages.

WHEREFORE, Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and CHRIS SOOKNANAN, prays for the following:

(a)    That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)    That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)    That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)    For such other and further relief as this Court may deem just and proper.

### COUNT V
### CHRIS SOOKNANAN'S WRONGFUL DEATH CLAIM
### BASED ON TITLE 33 U.S.C. § 905(b) AND
### GENERAL MARITIME *RES IPSA LOQUITUR* NEGLIGENCE

Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and CHRIS SOOKNANAN, re-alleges the allegations contained in paragraphs 1 through 19 and 21 through 57 of the Amended Claim as if fully set forth herein.

72.    As a direct and proximate result of the aforementioned fault or

negligence of the Petitioners/Defendants and/or the *Madeleine,* CHRIS SOOKNANAN, sustained damages.

WHEREFORE, Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and CHRIS SOOKNANAN, prays for the following:

(a)   That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)   That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)   That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)   For such other and further relief as this Court may deem just and proper.

## COUNT VI
## CHRIS SOOKNANAN'S FLORIDA WRONGFUL DEATH NEGLIGENCE CLAIM

Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and CHRIS SOOKNANAN, re-alleges the allegations contained in paragraphs 1 through 19, 21 through 40 and 58 through 70 of the Amended Claim as if fully set forth herein.

73.   As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or the *Madeleine,* CHRIS SOOKNANAN, sustained damages.

WHEREFORE, Plaintiff, VERNA SOOKNANAN, as the Personal

21

Representative of the Estate of HAYMAN SOOKNANAN and CHRIS SOOKNANAN,

prays for the following:

     (a)     That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

     (b)     That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

     (c)     That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Plaintiff's damages together with prejudgment interest and costs; and,

     (d)     For such other and further relief as this Court may deem just and proper.

**COUNT VII**
**VANESSA SOOKNANAN'S WRONGFUL DEATH CLAIM**
**BASED ON TITLE 33 U.S.C. § 905(b) AND MARITIME NEGLIGENCE**

Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and VANESSA SOOKNANAN, re-alleges the allegations contained in paragraphs 1 through 19 and 21 through 51 of the Amended Claim as if fully set forth herein.

74.     As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or the *Madeleine,* VANESSA SOOKNANAN, sustained damages.

WHEREFORE, Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and VANESSA SOOKNANAN, prays for the following:

     (a)     That all persons having or claiming interest therein maybe cited to

appear and answer the aforesaid matter;

(b)    That Claimant be decreed to have a lien upon the  posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)    That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)    For such other and further relief as this Court may deem just and proper.

### COUNT VIII
### VANESSA SOOKNANAN'S WRONGFUL DEATH CLAIM
### BASED ON TITLE 33 U.S.C. § 905(b) AND
### GENERAL MARITIME *RES IPSA LOQUITUR* NEGLIGENCE

Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and VANESSA SOOKNANAN, re-alleges the allegations contained in paragraphs 1 through 19 and 21 through 57 of the Amended Claim as if fully set forth herein.

75.    As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or the *Madeleine,* VANESSA SOOKNANAN, sustained damages.

WHEREFORE, Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of  HAYMAN SOOKNANAN and VANESSA SOOKNANAN, prays for the following:

(a)    That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)    That Claimant be decreed to have a lien upon the posted bond or

substitute security described herein and that such lien be foreclosed in accordance with law;

(c)     That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)     For such other and further relief as this Court may deem just and proper.

## COUNT IX
## VANESSA SOOKNANAN'S FLORIDA WRONGFUL DEATH NEGLIGENCE CLAIM

Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and VANESSA SOOKNANAN, re-alleges the allegations contained in paragraphs 1 through 19, 21 through 40 and 58 through 70 of the Amended Claim as if fully set forth herein.

76.     As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or the *Madeleine,* VANESSA SOOKNANAN, sustained damages.

WHEREFORE, Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and VANESSA SOOKNANAN, prays for the following:

(a)     That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)     That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)     That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all

of Claimant's damages together with prejudgment interest and costs; and,

(d)     For such other and further relief as this Court may deem just and proper.

## COUNT X
## VERNA SOOKNANAN'S WRONGFUL DEATH CLAIM
## BASED ON TITLE 33 U.S.C. § 905(b) AND MARITIME NEGLIGENCE

Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and on her own behalf as the surviving widow of the Decedent, re-alleges the allegations contained in paragraphs 1 through 19 and 21 through 51 of the Amended Claim as if fully set forth herein.

77.     As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or the *Madeleine,* VERNA SOOKNANAN, sustained damages.

WHEREFORE, Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and on her own behalf as the surviving widow of the Decedent, prays for the following:

(a)     That all persons having or claiming interest therein maybe cited to appear and answer the aforesaid matter;

(b)     That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)     That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)     For such other and further relief as this Court may deem just and proper.

## COUNT XI
## VERNA SOOKNANAN'S WRONGFUL DEATH CLAIM
## BASED ON TITLE 33 U.S.C. § 905(b) AND
## GENERAL MARITIME *RES IPSA LOQUITUR* NEGLIGENCE

Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and on her own behalf as the surviving widow of the Decedent, re-alleges the allegations contained in paragraphs 1 through 19 and 21 through 57 of the Amended Claim as if fully set forth herein.

78.     As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or the *Madeleine,* VERNA SOOKNANAN, sustained damages.

WHEREFORE, Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of  HAYMAN SOOKNANAN and on her own behalf as the surviving widow of the Decedent prays for the following:

(a)     That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)     That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)     That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)     For such other and further relief as this Court may deem just and proper.

## COUNT XII
## VERNA SOOKNANAN'S FLORIDA WRONGFUL DEATH NEGLIGENCE CLAIM

Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and on her own behalf as the surviving widow of the Decedent, re-alleges the allegations contained in paragraphs 1 through 19, 21 through 40 and 58 through 70 of the Amended Claim as if fully set forth herein.

79.     As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or the *Madeleine,* VERNA SOOKNANAN, sustained damages.

WHEREFORE, Plaintiff, VERNA SOOKNANAN, as the Personal Representative of the Estate of HAYMAN SOOKNANAN and on her own behalf as the surviving widow of the Decedent prays for the following:

(a)    That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)    That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)    That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)    For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Claimants demand a jury trial of all issues triable as of right.

DATED this 7th day of January, 2008.

Respectfully submitted,

STROUP & MARTIN, P.A.
Attorneys for Claimant Sooknanan
119 Southeast 12th Street
Fort Lauderdale, Florida 33316
Telephone: (954) 462-8808
Telefax: (954) 462-0278
fmartin@strouplaw.com

By: *s/ Farris J. Martin, III*
      FARRIS J. MARTIN, III
      Florida Bar No. 0879916

KRUPNICK, CAMPBELL, MALONE,
BURSER, SLAMA, HANCOCK,
LIBERMAN & MCKEE, P.A.
Attorneys for Claimant Sooknanan
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316

Telephone: (954) 763-8181

By: *d/ Kelly D. Hancock*
      KELLY D. HANCOCK
      Fla. Bar No.: 203602

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on January 7, 2008, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on Charles G. DeLeo, Esq., Fowler White Burnett, 1395 Brickell Avenue, 14th Floor, Miami, FL 33131 and all other counsel of record using CM/ECF.

By: *s/ Farris J. Martin, III*
      FARRIS J. MARTIN, III
      Florida Bar No. 0879916