UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 08-61757-CIV-MORENO/TORRES

IN RE: THE PETITION OF MS "MADELEINE"
SCHIFFAHRTSGESELLSCHAFT mbH & CO.,
KG, REEDEREI ALNWICK HARMSTORF & CO.
GmbH & CO. KG AND BANGOR CASTLE
SHIPPING COMPANY LIMITED AS OWNER,
MANAGING OWNER AND BAREBOAT
CHARTERER RESPECTIVELY OF THE
VESSEL, M/V "MADELEINE", FOR
EXONERATION FROM OR LIMITATION OF
LIABILITY,

        Petitioners,

                                              /

## **CLAIMANT, DUTERTRE'S, AMENDED CLAIM AGAINST PETITIONERS**

Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the

ESTATE OF RENE ROBERT DUTERTRE, JR. (hereinafter "DUTERTRE"), deceased, as

well as for all potential beneficiaries of the Estate, including HUNTER DUTERTRE and

ANGELINA DUTERTRE, the surviving minor children, hereby files her Amended Claim

against the Petitioners, MS "MADELEINE" SCHIFFAHRTSGESELLSCHAFT mbH & CO.,

KG, REEDEREI ALNWICK HARMSTORF & CO. GmbH & CO. KG, BANGOR CASTLE

SHIPPING COMPANY LIMITED, and the fund or bond posted as substitute security for the

*M/V Madeleine* and alleges[1]:

---

[1] Dutertre's Amended Claim is being filed as of right pursuant to Fed. R. Civ. P. 15(a)(1)(A) since Petitioners'
Motion to Dismiss is not a "responsive pleading." *Williams v. Board of Regents of the Univ. Sys. of Georgia*, 477
F.3d 1282, 1291 (11th Cir. 2007).

## GENERAL PROCEDURAL ALLEGATIONS

1.      This claim concerns the accidental death of RENE ROBERT DUTERTRE, JR. that happened while he was working as a longshoreman on board the general cargo container ship *Madeleine* in Port Everglades, Florida on or about May 20, 2008.

2.      This Court has subject matter jurisdiction of the general maritime negligence wrongful death claims pursuant to Title 28 U.S.C. § 1333 and Title 33 U.S.C. § 905(b).

3.      This Court also has subject matter jurisdiction based on federal question jurisdiction under Title 33 U.S.C. § 905(b) and Title 28 U.S.C. § 1331.

4.      This Court has supplemental jurisdiction of the Florida negligence wrongful death claims pursuant to Title 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over the Petitioners/Defendants since they voluntarily filed this action and it has jurisdiction over the *M/V Madeleine* by way of the fund or bond that has been posted as substitute security for the Vessel.

6.      At all times material hereto, decedent RENE ROBERT DUTERTRE, JR. was a longshoreman who worked for Florida Transportation Services, Inc., which was and is a stevedoring company with its principle place of business at Port Everglades, Florida.

7.      At all times material hereto, decedent RENE ROBERT DUTERTRE, JR., was working on the *M/V Madeleine* as a longshoreman to help load the Vessel.

8.      At all times material hereto, HUNTER DUTERTRE, was and is the 1.5 year old minor son of decedent RENE ROBERT DUTERTRE, JR.

9.      At all times material hereto, ANGELINA DUTERTRE, was and is the 2.5 year

old minor daughter of the decedent, RENE ROBERT DUTERTRE, JR.

10.     At all times material hereto, HUNTER and ANGELINA DUTERTRE, received support, services, nurture and guidance from decedent RENE ROBERT DUTERTRE, JR.

11.     At all times material hereto, HUNTER and ANGELINA DUTERTRE, were and are "survivors" of RENE ROBERT DUTERTRE, JR. as that term is defined by both the general maritime law and Florida's wrongful death statute § 768.18(1) and (2).

12.     At all times material hereto, HUNTER and ANGELINA DUTERTRE, are "child[ren]" as that term is defined by Title 33 U.S.C. § 902(14).

13.     At all times material hereto, HUNTER and ANGELINA DUTERTRE are "minor children" as that term is defined by Florida Statute § 768.18(2).

14.     Plaintiff, DAWN HILLARY WEISBERG (hereinafter "Personal Representative"), is the Personal Representative for the ESTATE OF RENE ROBERT DUTERTRE, JR., and HUNTER and ANGELINA DUTERTRE, as well as their natural mother, and brings this wrongful death action on their respective behalf.

15.     At all times material hereto, the *M/V Madeleine* (hereinafter "*Madeleine*" or "Vessel"), was and is a 100 meter, 4454 gross ton General Cargo Ship registered in Antigua and Barbuda with IMO No. 9196943.

16.     At all times material hereto, the *Madeleine* was and is a commissioned vessel that operates on navigable waters, including the territorial waters of the State of Florida.

17.     At all times material hereto, the *Madeleine* was and is regularly engaged in the business of carrying containerized cargo to and from various ports including Port Everglades, Florida.

18.     At all times material hereto, Petitioner/Defendant, MS "MADELEINE" SCHIFFAHRTSGESELLSCHAFT mbH & CO., KG, was and is a German corporation that owns the *M/V Madeleine*.

19.     At all times material hereto, Petitioner/Defendant, REEDEREI ALNWICK HARMSTORF & CO. GmbH & CO. KG, was and is a German corporation that was and is involved with managing the *M/V Madeleine*.

20.     At all times material hereto, Petitioner/Defendant, BANGOR CASTLE SHIPPING COMPANY LIMITED, was and is a foreign corporation and the charterer of the *M/V Madeleine*.

21.     The Petitioners/Defendants and the *M/V Madeleine* did one or more of the following acts within the State of Florida:

        (a)     Operated, conducted, engaged in or carried on a business venture in this state;

        (b)     were engaged in substantial activity within the state;

        (c)     committed tortious acts within the state;

        (d)     operated the Vessel on the territorial waters of this state; and/or

        (e)     committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193, in this state;

22.     The causes of action asserted in this Amended Claim are governed by either Title 33 U.S.C. § 905(b) and the general maritime law or Florida's Wrongful Death Act §§ 768.16, *et. seq.*[2]

---

[2] Some cases suggest that 905(b) preempts any cause of action a Plaintiff may pursue against a vessel owner or vessel *in rem* other than negligence actions under 905(b) and the general maritime law. *See, e.g., Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 820 *U.S. 2001); *Hess v. Upper Mississippi Towing Corp*, 559 F.2d 1030 (5th Cir. 1977); *McLaurin v. Noble Drilling*, 529 F.3d 285, 289

23.     This Court is the proper venue for resolving this action.

24.     Claimants' Personal Representative, the Estate and survivors have fulfilled any and all conditions precedent to bringing this suit.

25.     Claimants' Personal Representative, the Estate and survivors seek to recover damages from the Petitioners/Defendants as well as the posted bond or substitute security in accordance with the applicable law.  The Petitioners/Defendants are jointly and severally liable for damages.

26.     At all times material hereto, Petitioners/Defendants had privity or knowledge of the faulty equipment and/or dangerous conditions on board the Vessel, which conditions contributed in causing the subject accident.

## GENERAL FACTUAL ALLEGATIONS ABOUT THE ACCIDENT

27.     On or about May 19, 2008 the Petitioners/Defendants hired Florida Transportation Services as the stevedore to load assorted cargo on the *Madeleine*.

28.     One of the cargoes to be loaded onto the *Madeleine* was a tank container filled with hazardous gas.

29.     At all times material hereto, the Petitioners/Defendants prepared the load plan (a/k/a "stow" plan) concerning how the assorted cargoes were to be stowed on board the Vessel, including the subject tank container filled with gas.

30.     The ventilation/blower system for the *Madeleine's* cargo hold was not

---

(5th Cir. 2008); and *In Re Complaint of Donjon Marine Co.,* 2008 US Dist. LEXIS 59102 (SDNY July 30, 2008).  However, other cases suggest that Plaintiffs may also plead state wrongful death claims. *See, e.g., Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 26 L. Ed. 2d 339 (1970); *Yamaha Motor Corp. v. Calhoun,*516 U.S.199, 133 L. Ed. 2d 578 (1995) ("The Court...notably left in place [Moragne's] negligence claim...stated under Florida's law.")  Accordingly, Plaintiff is pleading a Florida wrongful death claim, if only in an abundance of caution to preserve any available causes of action Plaintiff may have.

operational, not working properly or inadequate to ventilate the subject gas in event of its leakage, prior to and at the time the Vessel arrived in Port Everglades, Florida on or about May 19, 2008.

31.     The Petitioners/Defendants had an opportunity to inspect, repair and/or remedy the Vessel's ventilation/blower system for the cargo holds prior to loading the tank container filled with gas but they did not do so.

32.     During the early evening hours of May 19, 2008, Florida Transportation Services loaded the tank container filled with gas, other cargo containers and road construction machinery in one of the enclosed cargo holds on board the *Madeleine.*

33.     Florida Transportation Services loaded the tank container and other cargoes in the Vessel according to the load plan prepared by the Petitioners/Defendants.

34.     The tank container filled with hazardous gas was the first item placed in the Vessel's hold and was followed by other cargo containers and road construction machinery.

35.     Florida Transportation Services' longshoremen did not observe the tank container leaking any gas and they did not report feeling ill, prior to, or during, loading it into the subject cargo hold.

36.     Once the tank container, cargo containers and machinery were placed inside the Vessel's hold according to the load plan, Florida Transportation Services' longshoremen turned the hold over to the Vessel's crew who were responsible for lashing and/or securing the containers and machinery inside the hold.

37.     During the early morning hours of May 20, 2008 the Vessel's crew that were

lashing down and/or securing the containers and machinery inside the hold started feeling ill and they reported their condition to the Vessel's second mate.

38.     At the time the Vessel's crew started feeling ill, the Vessel's crew had complete possession, custody and control of the hold and the cargo inside, including the tank container filled with hazardous gas.

39.     HAYMAN SOOKNANAN, told the other longshoreman to continue loading cargo into another one of the Vessel's holds while he went to the hold where the tank container was located.

40.     Approximately 45 minutes to an hour after HAYMAN SOOKNANAN went to the hold were the tank container was located, someone observed SOOKNANAN lying at the bottom of the hold.

41.     Claimants' decedent, RENE ROBERT DUTERTRE, JR., went down into the Vessel's hold to do his best to try to rescue his fellow fallen longshoreman.

42.     As Claimants' decedent, RENE ROBERT DUTERTRE, JR., was ascending the hold's ladder, he was overcome by hazardous gas and fell, dying in the unventilated hold.

## COUNT I
### THE DUTERTRE ESTATE'S WRONGFUL DEATH CLAIM
### BASED ON TITLE 33 U.S.C. § 905(b) AND GENERAL MARITIME NEGLIGENCE

43.     Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR., re-alleges the allegations contained in paragraphs 1 through 12, 14 through 21 and 23 through 42 of the Amended Claim as if fully set forth herein.

44.     This claim is governed by Title 33 U.S.C. § 905(b) and the general maritime law of the United States.

45.     At all times material hereto, Petitioners/Defendants and the *Madeleine,* owed the following reasonable duties of care to protect Claimant's decedent, RENE ROBERT DUTERTRE, JR., from unreasonable risks while he was a longshoreman aboard the Vessel:

    a.  The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to turn the Vessel over to the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR., in a condition that an experienced stevedore and longshoremen would be able to perform cargo operations with reasonable safety;

    b.  At the time of the Vessel's turnover, the Petitioners/Defendants and the *Madeleine* owed a reasonable duty of care to warn the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR., of latent dangers on board the Vessel;

    c.  The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to prepare or develop a load or stow plan that was reasonably safe and in compliance with applicable safety regulations;

    d.  The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to inspect, maintain and care for the Vessel, its equipment and cargo that remained under their control after stevedoring operations began so as to avoid exposing longshoremen, such as the decedent, RENE ROBERT DUTERTRE, JR., to harm from hazards they may encounter on board the Vessel;

    e.  The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to intervene in the subject stevedoring operations and to stop work until the hazards were remedied when they knew of a hazard presented to the crew and longshoremen, including decedent, RENE ROBERT DUTERTRE, JR.;

    f.  The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to train their master, crew and port captain on the proper procedures for handling emergency situations such as the subject gas leak from the tank container; and/or,

    g.  The Petitioners/Defendants and the *Madeleine* owed a reasonable duty of care to train their master, crew and port captain about the location of emergency equipment and the proper use of said equipment for handling emergency situations such as the gas leak from the tank container and fallen longshoremen.

46.    Prior to the time the *Madeleine* was turned over to the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR., on or about May 19 - 20, 2008, the Petitioners/Defendants knew, or should have known, the ventilation/blower system for the Vessel's cargo hold was not working properly, and in particular, not capable of injecting and moving sufficient oxygen into the hold where the argon filled tank was to be carried so as to be safe for human activities within the hold in event of argon leakage.

47.    Prior to the subject stevedoring operations on board the *Madeleine*, the Petitioners/Defendants knew, or should have known, of the shipment of hazardous gas that was to be loaded on board the Vessel in Port Everglades, Florida.

48.    Prior to the subject stevedoring operations on board the *Madeleine*, the Petitioners/Defendants had an opportunity to repair or fix the Vessel's ventilation/blower system but did not do so, and failed to assure that the ventilation capacity existed to handle the known hazardous cargo.

49.    At the time the *Madeleine* was turned over to the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR., the Vessel's

ventilation/blower system was inoperable or not working properly or lacking capacity to ventilate, move the air or inject sufficient oxygen into the subject hold during the storage of the argon tank.

50.     The Petitioners/Defendants and Vessel did not warn the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, about the non-working ventilation/blower system at the time the Vessel was turned over.

51.     The Petitioners/Defendants and the *Madeleine* breached their reasonable duties of care to protect Claimant's decedent, RENE ROBERT DUTERTRE, JR., from unreasonable risks through one or more of the following acts or omissions:

> a.   The *Madeleine* was turned over to the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR., with faulty equipment, including a nonfunctioning, insufficient or improperly working ventilation/blower system, which prevented the subject cargo operations from being performed with reasonable safety;
>
> b.   The Petitioners/Defendants and the *Madeleine* failed to warn the stevedore and its longshoremen, including decedent, RENE ROBERT DUTERTRE, JR., of the non-functioning, insufficient or improperly working ventilation/blower system, which was a latent danger on board the Vessel;
>
> c.   The Petitioners/Defendants and *Madeleine* failed to inspect and maintain the Vessel's ventilation/blower system in working order, which system remained in the Petitioners/Defendants' possession or control after the Vessel was turned over to the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR.;
>
> d.   The Petitioners/Defendants and Vessel failed to develop or prepare a reasonably safe stowage plan for the tank container filled with hazardous gas;

e.     The Petitioners/Defendants and Vessel are liable for the crew's fault or negligence in securing the tank container inside the hold, which crew negligence or fault caused, or substantially contributed in causing the subject gas leak;

f.     The Petitioners/Defendants and Vessel are liable for failing to secure the subject cargo hold and ordering the crew and longshoremen off the Vessel until a hazardous materials team could inspect the Vessel to determine the source and cause of the illness felt by the crew;

g.     The Petitioners/Defendants and Vessel are liable for their port captain's negligent order to SOOKNANAN to remove the tank container from the hold, which caused SOOKNANAN to collapse inside the hold and required emergency assistance to try and remove him from the hold;

h.     After the Petitioners/Defendants and Vessel knew or should have known that there was a gas leak in the Vessel's cargo hold, they failed to intervene to stop the cargo operations to protect the decedent, RENE ROBERT DUTERTRE, JR., from harm; and/or,

i.     The Petitioners/Defendants' crew and port captain were not properly trained about the location and use of emergency rescue equipment on board the Vessel for purposes of rescuing the decedent SOOKNANAN and DUTERTRE from the cargo hold.

52.    At all times material hereto, Claimant's decedent, RENE ROBERT DUTERTRE, JR., exercised reasonable care for his own safety in working on board the *Madeleine*.

53.    As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or the Vessel, RENE ROBERT DUTERTRE, JR., was killed by hazardous gas while working on board the Vessel.

54.    As a direct and proximate result of the aforementioned fault or negligence of Petitioners/Defendants and/or the Vessel, the ESTATE OF RENE ROBERT DUTERTRE, sustained damages.

WHEREFORE, Claimant, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR., prays for the following:

(a)    That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)    That Claimant be decreed to have a lien upon the posted bond or substitute security and that such lien be foreclosed in accordance with law;

(c)    That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)    For such other and further relief as this Court may deem just and proper.

## COUNT II
### THE DUTERTRE ESTATE'S WRONGFUL DEATH CLAIM BASED ON TITLE 33 U.S.C. § 905(b) AND GENERAL MARITIME *RES IPSA LOQUITUR* NEGLIGENCE

55.    Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR., re-alleges the allegations contained in paragraphs 1 through 12, 14 through 21, 23 through 42 and 44 through 54 of the Amended Claim as if fully set forth herein.

56.    At all times material hereto, Claimant's decedent, RENE ROBERT DUTERTRE, JR., was without fault in regard to the hazardous gas accident that happened on or about May 20, 2008 on board the *Madeleine*.

57.    At all times material hereto, the ventilation/blower system of the *Madeleine* was under the exclusive control of the Petitioners/Defendants.

58.    The non-functioning ventilation/blower system is of the type that ordinarily does not occur in the absence of negligence.

59.    At all times material hereto, the subject cargo hold and tank container were under the exclusive control of the Petitioners/Defendants and their crew when the gas leak occurred.

60.    Claimant's decedent's accident is of a type that ordinarily does not occur in the absence of negligence.

61.    The general maritime law recognizes the doctrine of *res ipsa loquitur.* *Johnson v. United States,* 333 U.S. 46, 68 S. Ct. 391 (1948); *United States v. Baycon Indus., Inc.,* 804 F.2d 630 (11th Cir. 1986); *Rockey v. Royal Caribbean Cruises, Ltd.,* 2001 U.S. Dist. LEXIS 21886 (S. D. Fla. 2001).

WHEREFORE, Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, prays for the following:

(a)    That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)    That Claimant be decreed to have a lien upon the Petitioners/Defendants and *Madeleine's* posted bond or substitute security described herein and that such

lien be foreclosed in accordance with law;

(c)    That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)    For such other and further relief as this Court may deem just and proper.

**COUNT III**
**THE DUTERTRE ESTATE'S FLORIDA WRONGFUL DEATH NEGLIGENCE**
**CLAIM**

62.    Claimant, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR., re-alleges the allegations contained in paragraphs 1 through 11, 13 through 21 and 23 through 42 of the Amended Claim as if fully set forth herein.

63.    This claim is governed by Florida Statute §§ 768.16 through 768.26 (hereinafter "Florida Wrongful Death Act").

64.    At all times material hereto, Petitioners/Defendants and the *Madeleine* owed the following reasonable duties of care to protect Claimant's decedent, RENE ROBERT DUTERTRE, JR., from unreasonable risks while he was a longshoreman aboard the Vessel:

      a.    The Petitioners/Defendants and *Madeleine* owed a duty of reasonable care to turn the Vessel over to the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR., in a condition that an experienced stevedore and longshoremen would be able to perform cargo operations with reasonable safety;

      b.    At the time of the Vessel's turnover, the Petitioners/Defendants and the *Madeleine* owed a reasonable duty of care to warn the stevedore and its longshoremen, including the decedent, RENE ROBERT

            DUTERTRE, JR., of latent dangers on board the Vessel;

14

c.   The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to prepare a stow plan that was reasonably safe and in compliance with applicable safety regulations;

d.   The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to inspect, maintain and care for the Vessel, its equipment and cargo that remained under their control after stevedoring operations began so as to avoid exposing longshoremen, such as the decedent, RENE ROBERT DUTERTRE, JR., to harm from hazards they may encounter on board the Vessel;

e.   The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to intervene in the subject stevedoring operations and to stop work until the hazards were remedied when they knew of a hazard presented to the crew and longshoremen, including decedent, RENE ROBERT DUTERTRE, JR.;

f.   The Petitioners/Defendants and the *Madeleine* owed a duty of reasonable care to train their master, crew and port captain on the proper procedures for handling emergency situations such as the gas leak from the tank container; and/or,

g.   The Petitioners/Defendants and the *Madeleine* owed a reasonable duty of care to train their master, crew and port captain about the location of emergency equipment and the proper use of said equipment for handling emergency situations such as the gas leak from the tank container and fallen longshoremen.

65.   Prior to the time the *Madeleine* was turned over to the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR., on or about May 19 - 20, 2008, the Petitioners/Defendants knew, or should have known, the ventilation/blower system for the Vessel's cargo hold was not working properly, and in particular, not capable of injecting and moving sufficient oxygen into the hold where the argon filled tank was to be

carried so as to be safe for human activities within the hold in event of argon leakage.

66.     Prior to the subject stevedoring operations on board the *Madeleine,* the Petitioners/Defendants knew, or should have known, of the shipment of potentially hazardous gas that was to be loaded on board in Port Everglades, Florida.

67.     Prior to the subject stevedoring operations on board the *Madeleine,* the Petitioners/Defendants had an opportunity to repair or fix the Vessel's ventilation/blower system but did not do so, and failed to assure that the ventilation capacity existed to handle the known hazardous cargo.

68.     At the time the *Madeleine* was turned over to the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR., the Vessel's ventilation/blower system was inoperable or not working properly or lacking capacity to ventilate, move the air or inject sufficient oxygen into the subject hold during the storage of the argon tank.

69.     The Petitioners/Defendants and the *Madeleine* did not warn the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR., about the nonworking ventilation/blower system at the time the Vessel was turned over.

70.     Further, the Petitioners/Defendants and the *Madeleine* did not warn the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR., about the danger of going back into the hold where the argon tank container was located once the Vessel's crew reported feeling ill while working inside.

71.     The Petitioners/Defendants and the *Madeleine* and their crew were either

wholly or substantially responsible for causing the tank container to leak.

72.    The Petitioners/Defendants and the *Madeleine* breached their reasonable duties of care to protect Claimant's decedent, RENE ROBERT DUTERTRE, JR., from unreasonable risks through one or more of the following acts or omissions:

a.     The *Madeleine* was turned over to the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR., with faulty equipment, including a non-functioning, insufficient or improperly working ventilation/blower system, which prevented the subject cargo operations from being performed with reasonable safety;

b.     The Petitioners/Defendants and the *Madeleine* failed to warn the stevedore and its longshoremen, including decedent, RENE ROBERTDUTERTRE, JR., of the non-functioning, insufficient or improperly working ventilation/blower system, which was a latent danger on board the Vessel;

c.     The Petitioners/Defendants and the *Madeleine* failed to inspect and maintain the Vessel's ventilation/blower system in working order, which system remained in the Petitioners/Defendants' possession or control after the Vessel was turned over to the stevedore and its longshoremen, including the decedent, RENE ROBERT DUTERTRE, JR.;

d.     The Petitioners/Defendants and the *Madeleine* failed to develop or prepare a reasonably safe stowage plan for the tank container filled with hazardous gas;

e.     The Petitioners/Defendants and the *Madeleine* are liable for their crew's fault or negligence in securing the tank container inside the hold, which crew negligence or fault caused, or substantially contributed in causing, the subject gas leak;

f.     The Petitioners/Defendants and the *Madeleine* are liable for failing to secure the subject cargo hold and ordering the crew and longshoremen off the Vessel until a hazardous

materials team could inspect the Vessel to determine the source and cause of the illness felt by the crew;

g.   The Petitioners/Defendants and *Madeleine* are liable for their port captain's negligent order to SOOKNANAN to remove the tank container from the hold, which ultimately caused decedent DUTERTRE to go down into the hold to try and rescue SOOKNANAN;

h.   After the Petitioners/Defendants and *Madeleine* knew or should have known that there was a gas leak in the Vessel's cargo hold, they failed to intervene to stop the cargo operations to protect the decedents, SOOKNANAN and DUTERTRE, from harm; and/or,

i.   The Petitioners/Defendants and *Madeleine's* crew and port captain were not properly trained about the location and use of emergency rescue equipment on board for purposes of rescuing the decedents SOOKNANAN and DUTERTRE from the cargo hold.

73.   At all times material hereto, Claimant's decedent, RENE ROBERT DUTERTRE, JR., exercised reasonable care for his own safety in working on board the *Madeleine.*

74.   As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or *Madeleine,* RENE ROBERT DUTERTRE, JR., was killed by oxygen deprivation while working on board the Vessel.

75.   As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or *Madeleine,* the ESTATE OF RENE ROBERT DUTERTRE, JR., sustained damages.

WHEREFORE, Claimant, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. prays for the

following:

(a)     That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)     That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)     That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for the *Madeleine,* for all of Claimant's damages together with prejudgment interest and costs; and,

(d)     For such other and further relief as this Court may deem just and proper.

**COUNT IV**
**HUNTER DUTERTRE'S WRONGFUL DEATH CLAIM**
**BASED ON TITLE 33 U.S.C. § 905(b) AND GENERAL MARITIME NEGLIGENCE**

76.     Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. as well as for HUNTER DUTERTRE, re-alleges the allegations contained in paragraphs 1 through 12, 14 through 21, 23 through 42 and 44 through 54 of the Amended Claim as if fully set forth herein.

77.     As a direct and proximate result of the aforementioned fault or negligence of Petitioners/Defendants and/or the *Madeleine,* HUNTER DUTERTRE, sustained damages.

WHEREFORE, Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. and HUNTER DUTERTRE, pray for the following:

(a)     That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)     That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)     That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)     For such other and further relief as this Court may deem just and proper.

**COUNT V**
**HUNTER DUTERTRE'S WRONGFUL DEATH CLAIM**
**BASED ON TITLE 33 U.S.C. § 905(b) AND**
**GENERAL MARITIME *RES IPSA LOQUITUR* NEGLIGENCE**

78.     Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. and HUNTER DUTERTRE, re-alleges the allegations contained in paragraphs 1 through 12, 14 through 21, 23 through 42, 44 through 54 and 56 through 61 of the Amended Claim as if fully set forth herein.

79.     As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or the *Madeleine*, HUNTER DUTERTRE sustained damages

WHEREFORE, Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. and HUNTER DUTERTRE, pray for the following:

(a)   That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)   That Claimant be decreed to have a lien upon posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)   That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)   For such other and further relief as this Court may deem just and proper.

### COUNT VI
### HUNTER DUTERTRE'S FLORIDA WRONGFUL DEATH NEGLIGENCE CLAIM

80.   Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. and HUNTER DUTERTRE, re-alleges the allegations contained in paragraphs 1 through 11, 13 through 21, 23 through 42 and 63 through 75 of the Amended Claim as if fully set forth herein.

81.   As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or the *Madeleine*, HUNTER DUTERTRE, sustained damages.

WHEREFORE, Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. and HUNTER DUTERTRE, pray for the following:

(a)   That all persons having or claiming interest therein may be cited to appear

and answer the aforesaid matter;

(b)     That Claimant be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)     That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Plaintiff's damages together with prejudgment interest and costs; and,

(d)     For such other and further relief as this Court may deem just and proper.

## COUNT VII
## ANGELINA DUTERTRE'S WRONGFUL DEATH CLAIM
## BASED ON TITLE 33 U.S.C. § 905(b) AND GENERAL MARITIME NEGLIGENCE

82.     Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. and ANGELINA DUTERTRE, re-alleges the allegations contained in paragraphs 1 through 12, 14 through 21, 23 through 42 and 44 through 54 of the Amended Claim as if fully set forth herein.

83.     As a direct and proximate result of the aforementioned fault or negligence of Petitioners/Defendants and the *Madeleine,* ANGELINA DUTERTRE, sustained damages.

WHEREFORE, Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. and ANGELINA DUTERTRE pray for the following:

(a)     That all persons having or claiming interest therein maybe cited to appear and answer the aforesaid matter;

(b)     That Claimant be decreed to have a lien upon the posted bond or substitute

security described herein and that such lien be foreclosed in accordance with law;

(c)     That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)     For such other and further relief as this Court may deem just and proper.

### COUNT VIII
### ANGELINA DUTERTRE'S WRONGFUL DEATH CLAIM
### BASED ON TITLE 33 U.S.C. § 905(b) AND
### GENERAL MARITIME *RES IPSA LOQUITUR* NEGLIGENCE

84.     Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. and ANGELINA DUTERTRE, re-alleges the allegations contained in paragraphs 1 through 12, 14 through 21, 23 through 42, 44 through 54 and 56 through 61 of the Amended Claim as if fully set forth herein.

85.     As a direct and proximate result of the aforementioned fault or negligence of the Petitioners/Defendants and/or the *Madeleine*, ANGELINA DUTERTRE sustained damages.

WHEREFORE, Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. and ANGELINA DUTERTRE pray for the following:

(a)     That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)     That Plaintiff be decreed to have a lien upon the posted bond or substitute security described herein and that such lien be foreclosed in accordance with law;

(c)     That upon proper notice and hearing, judgment be entered against the Petitioners/Defendants and the posted bond or substitute security for all of Claimant's damages together with prejudgment interest and costs; and,

(d)     For such other and further relief as this Court may deem just and proper.

## COUNT IX
## ANGELINA DUTERTRE'S FLORIDA WRONGFUL DEATH NEGLIGENCE CLAIM

86.     Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. and ANGELINA DUTERTRE, re-alleges the allegations contained in paragraphs 1 through 11, 13 through 21, 23 through 42 and 63 through 75 of the Amended Claim as if fully set forth herein.

87.     As a direct and proximate result of the aforementioned fault or negligence of *in rem* Defendant, *Madeleine,* ANGELINA DUTERTRE sustained damages.

WHEREFORE, Plaintiff, DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE JR. and ANGELINA DUTERTRE pray for the following:

(a)     That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

(b)     That Claimant be decreed to have a lien upon the *in rem* Defendant, *Madeleine's,* posted substitute security described herein and that such lien

be foreclosed in accordance with law;

(c)     That upon proper notice and hearing, judgment be entered against the

Petitioners/Defendants and the posted bond or substitute security, for all of

Claimant's damages together with prejudgment interest and costs; and,

(d)     For such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

88.     Claimant demands a jury trial for all issues triable as of right.

DATED this 8th day of January 2009.

Respectfully submitted,

STROUP & MARTIN, P.A.
Attorneys for Weisberg/Dutertre
119 Southeast 12th Street
Fort Lauderdale, Florida 33316
Telephone: (954) 462-8808
Telefax: (954) 462-0278
fmartin@strouplaw.com

By: *s/ Farris J. Martin, III*
    FARRIS J. MARTIN, III
    Florida Bar No. 0879916

Lead Counsel

KRUPNICK, CAMPBELL, MALONE,
BURSER, SLAMA, HANCOCK,
LIBERMAN & MCKEE, P.A.
Attorneys for Weisberg/Dutertre
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8181
By: *s/ Robert J. McKee*
    ROBERT J. MCKEE
    Florida Bar No.: 0972614

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on January 8, 2009, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing documents is being served this day on Charles G. DeLeo, Esq., Fowler White Burnett, 1395 Brickell Avenue, 14th Floor, Miami, FL 33131 and all other counsel of record using CM/ECF.

By: *s/ Farris J. Martin, III*
    FARRIS J. MARTIN, III
    Florida Bar No. 0879916