**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 08-61757 – CIV – MORENO/TORRES**

IN RE: THE PETITION OF MS "MADELEINE" SCHIFFAHRTSGESELLSCHAFT mBH & CO. KG, REEDEREI ALNWICK HARMSTORF & CO. GmbH & CO. KG AND BANGOR CASTLE SHIPPING COMPANY LIMITED AS OWNER, MANAGING OWNER AND BAREBOAT CHARTERER RESPECTIVELY OF THE VESSEL M/V "MADELEINE", FOR EXONERATION FROM OR LIMITATION OF LIABILITY,

PETITIONERS.
_____/

## JOINT CLAIMANTS' MOTION TO COMPEL DEPOSITIONS OF TWO OF PETITIONERS' CREWMEMBERS

Claimants, VERNA SOOKNANAN, as Personal Representative of the Estate of HAYMAN SOOKNANAN, JAMES CASON, JR., as Personal Representative of the Estate of JAMES CASON, and DAWN HILLARY WEISBERG, as the Personal Representative of the ESTATE OF RENE ROBERT DUTERTRE, JR. (hereinafter referred collectively as "Joint Claimants"), by and through their respective undersigned counsel and pursuant to Fed. R. Civ. P. 34 and 37, file this Motion to Compel Depositions, and states:

1. This is a limitation of liability action filed by the vessel Madeleine's owner, manager and bareboat charter. At issue in this limitation action is whether the vessel and its crew were negligent and/or whether there was an unseaworthy

condition on board the vessel which caused and/or contributed to the death of the three longshoremen. If there was negligence and/or there was an unseaworthy condition, then the Petitioners must prove they lacked privity in regards to that negligence or unseaworthy condition.

2. The testimony of the crew onboard the vessel on May 20, 2008, particularly the crew that was involved in the incident and/or any high-ranking officer, is obviously integral to Claimants establishing their burden of proof of negligence and Claimants' ability to refute any argument the Petitioners may have in regards to privity.

3. Petitioners have represented that there were only 13 crewmembers on board the *Madeleine* on May 20, 2008. The knowledge, whereabouts and training for each of these crewmembers are all potentially relevant to the Petitioners entitlement to limitation of liability. Petitioners should have disclosed the contact information for each crewmember in their Initial Disclosures.

4. Petitioners did not disclose the contact information for each crewmember in their Disclosures, however, so Claimant Cason propounded discovery requesting the addresses, phone numbers and crew agreements of all the crewmembers so that Claimants could subpoena them for deposition. Additionally, undersigned counsel requested counsel for the Petitioners to produce these crewmembers for deposition.

5. Petitioners refused to provide the contact information for any crew. Petitioners produced the Master, the Second Mate, the Chief Engineer and one Able Bodied seaman for deposition in Hamburg Germany, but refused to produce any other crew for deposition.

6. In Interrogatory 2 of Claimant's First Set of Interrogatories to the Petitioners, Claimant propounded the following:

> Please identify the name, address, telephone number and present location of any and all crew employed by any of the Petitioners on the date of the incident whose work responsibilities pertained to the vessel on that date, and indicate by whom each was employed.

7. The Petitioners responded as follows:

> **Answer:**
>
> Objection. Disclosure of this information may be in violation of data protection laws of the Federal Republic of Germany, the principal place of business of Petitioner Reederei Alnwick Harmstorf & Co. GmbH & Co.KG. Notwithstanding said objection, the crew list has been produced with Petitioners' Rule 26 initial disclosures (Bates nos. PET0072 - PET0073) and identifies their positions and nationalities.
>
> Crew members with senior positions were employed by Marcrew Schiffahrts GmbH, Hamburg. Ratings were employed by Marlow Navigation Co. Ltd. Limassol, Cyprus. The whereabouts of the crew members constantly change due to their service on board ships engaged in international trade.

8.  Petitioners objected to providing the addresses under German privacy law and provided redacted crew agreements which did not have contact information that would allow Claimant to subpoena these witnesses for deposition.

9.  In Interrogatory 3 of the Claimant's Third Set of Interrogatories to each Petitioner, Claimant propounded the following identical interrogatory:

    > Name, address, telephone number of the first mate on duty at the time of the May 2008 argon incident, as well as any and all contact information, including name, address and telephone number of the next of kin of the first mate.

10. Petitioners responded:

    **Answer:**

    Objection. Disclosure of this information may place Petitioner in violation of privacy and data protection laws of the Federal Republic of Germany. Notwithstanding said objection, the name of the Chief Officer serving on board the M/V "Madeleine" on May 20, 2008 is Veniamin Petukhov.

11. Claimant requested time and time again for the Petitioners to produce the Chief/First Officer for deposition or provide his contact information. The Chief Officer was the second in command of the vessel. Petitioners' response has been the same: The chief officer is no longer employed by Petitioners but that they are trying to locate him; and they refuse to give his contact information.

12. Petitioners have also taken the position that no other crewmember besides the four who were deposed in Germany could provide relevant testimony. This position is belied by one simple fact, however: It was revealed at that those depositions in Germany that a Cadet named Ely was, in addition to the aforementioned A/B seaman and Second Mate, the only one else awake and on the vessel working during the events that led to the death of the three longshoremen. And Petitioners will not make him available for deposition or give his contact information, either.

13. Petitioners' position thus is summarized as follows: Petitioners refuse to produce any more than the four crew Petitioners produced; Petitioners do not think anyone else is relevant and Petitioners will decide unilaterally who is relevant; Petitioners cannot locate the Chief Mate, but Petitioners will not disclose his contact information to

        Claimants for Claimants to locate him; in fact, Petitioners object under German privacy laws to providing any contact information for any of the crew; and Petitioners prohibit Claimants from contacting crew anyway, even though Petitioners will not agree to produce the crew for deposition.

14. Indeed, counsel for Petitioners, Mr. De Leo, emailed a response on April 26, 2009 to undersigned's April 20, 2009, letter regarding the First Set of Discovery, which email proves this point.  Mr. De Leo stated:

    > As to interrogatory 2: We cannot produce the addresses and telephone numbers of the crew members.  We realize that we are litigating this matter in the U.S., however our clients are domiciled in Germany and subject to German law and therefore we will not place them in a position of possibly violating German law and protection/privacy laws by disclosing this information.  As to the location of the crew members, we received word just this morning that the former First Officer still cannot be located and our client is continuing its efforts to locate him.  As to the location of other crew members, we maintain our objection that this information is not reasonably calculated to lead to discovery of admissible evidence.  Further, as these crew members are employees of our client it would be improper for you to contact these persons directly.

15. Petitioners have purposefully and willfully denied access to and objected to testimony that is obviously relevant and discoverable.  With the discovery cut-off date looming (June 23), Claimants are in

immediate need of at least two depositions: The First Mate's and Cadet Ely's. While Joint Claimants are, to be frank, uncomfortable not taking the depositions of all of the remaining nine crewmembers on the ship, Joint Claimants will settle for these two. Due to the pending deadline, and the already scheduled depositions of other witnesses besides crewmembers, only limited time is left for the taking of these key crew depositions. No Claimant has the time to attend a deposition abroad prior to the expiration of the discovery deadline, let alone secure their depositions without Petitioners' assistance. Petitioners should thus be required to produce these two crewmembers in Miami, Florida prior to the discovery deadline. Petitioners should be obligated to incur the expense of producing these two crewmembers in the jurisdiction in which they brought their limitation action.

16. **WHEREFORE,** Joint Claimants request the Court overrule Petitioners' objections; compel Petitioners to produce for deposition in Miami, Florida, prior to the discovery deadline the First Mate and the Cadet; and award fees and costs associated with the bringing of this motion, along with any other relief deemed just and proper. Alternatively, Joint Claimants request that this Court find, due to Petitioners' failure to produce the First Mate and the Cadet for deposition and/or provide their

contact information in time for Joint Claimants to subpoena them for deposition, that the testimony of each would unfavorable to Petitioners' limitation action and constitute evidence of unseaworthiness or negligence with privity and can not be rebutted by the use of those two witnesses in the event the Petitioners do not produce them prior to discovery cutoff.

Respectfully submitted this 27th day of May, 2009

| **KRUPNICK, CAMPBELL, MALONE, BURSER, SLAMA, HANCOCK, LIBERMAN & MCKEE, P.A.**<br>700 Southeast Third Avenue<br>Courthouse Law Plaza, Suite 100<br>Fort Lauderdale, Florida 33316<br>Telephone: (954) 763-8181<br>Facsimile No.: (954) 462-0278<br><br>By: *s/ Robert J. McKee*<br>Robert J. McKee, Esq.<br>Florida Bar No.: 0972614<br>Kelly D. Hancock. Esq.<br>Florida Bar No.: 203602<br>*Attorneys for Dutertre and Sooknanan* | **DOWNS BRILL WHITEHEAD**<br>Mercantile Bank Building<br>One Southwest 129th Avenue<br>Suite 305<br>Pembroke Pines, Florida 33027<br>Telephone No.: (954) 447-3556<br>Facsimile No.: (954) 447-3557<br><br>By: *s/ David W. Brill*<br>David W. Brill, Esq.<br>Florida Bar No. 959560<br>dbrill@dbwlaw.com<br>Juan M. Garcia, Esq.<br>Florida Bar No.15258<br>jgarcia@dbwlaw.com<br>*Attorneys for Cason* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-61757 – CIV – MORENO/TORRES

IN RE: THE PETITION OF MS "MADELEINE" SCHIFFAHRTSGESELLSCHAFT mBH & CO. KG, REEDEREI ALNWICK HARMSTORF & CO. GmbH & CO. KG AND BANGOR CASTLE SHIPPING COMPANY LIMITED AS OWNER, MANAGING OWNER AND BAREBOAT CHARTERER RESPECTIVELY OF THE VESSEL M/V "MADELEINE", FOR EXONERATION FROM OR LIMITATION OF LIABILITY,

PETITIONERS.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2009, I served the foregoing document via electronic mail to all counsel of record identified on the attached Service List.

By: *s/ David W. Brill*
David W. Brill, Esq.
Florida Bar No. 959560

## CASE NO. 08-61757 – CIV – MORENO/TORRES

## SERVICE LIST

| | |
|---|---|
| Charles G. De Leo<br>Jan M. Kuylenstierna<br>Damon T. Hartley<br>Fowler White Burnett P.A.<br>Espirito Santo Plaza<br>1395 Brickell Avenue, 14th Floor<br>Miami, FL 33131<br>Telephone: (305) 789-9200<br>Facsimile: (305) 789-9201<br>*Attorney for the Petitioner* | Farris J. Martin<br>Stroup & Martin, P.A.<br>119 S.E. 12th St.<br>Fort Lauderdale, FL 33316<br>Telephone: (954) 462-8808<br>Facsimile: (954) 462-0278 |
| Kelly D. Hancock, Esq.<br>Robert J. McKee, Esq.<br>Krupnick, Campbell, Malone,<br>Burser, Slama, Hancock<br>Liberman & McKee, P.A<br>700 S.E. Third Avenue<br>Courthouse Law Plaza, Suite 100<br>Fort Lauderdale, FL 33316<br>Telephone: (954) 763-8181<br>Facsimile No.: (954) 462-0278 | Francis A. Zachrel<br>Rachel Holladay LeBlanc<br>Shutts & Bowen, LLP<br>1500 Miami Center<br>201 South Discayne Blvd<br>Miami, FL 33131 |
| James W. McCready<br>Seipp & Flick LLP<br>Two Alhambra Plaza<br>Suite 800<br>Miami, FL 33134 | Jonathan D. Lawrence<br>Alvarez, Sambol, Winthrop & Madison, P.A.<br>SunTrust Plaza<br>201 Alhambra Circle, Suite 602<br>Coral Gables, FL 33134 |
| Scott Teich<br>Elizabeth O'Hara Panagakos<br>William Edwards Crabill<br>Quintairos, Prieto, Wood & Boyer, P.A.<br>One East Broward Blvd., Suite 1400<br>Fort Lauderdale, FL 33301 | Patrick E. Novak<br>Horr, Novak & Skipp, P.A.<br>One Datran Center<br>9100 South Dadeland Blvd.<br>Suite 1104<br>Miami, FL 33156 |

| | |
|---|---|
| Andrew W. Anderson<br>Richard R. McCormack<br>Charles S. Davant<br>Ryon L. Little<br>Houck Anderson<br>200 S. Biscayne Blvd.<br>Suite 300<br>Miami, FL 33131 | William B. Milliken<br>Hayden, Milliken, Boeringer & Irick, P.A.<br>5915 Ponce de Leon Blvd.<br>Suite 63<br>Miami, FL 33146 |
| Robert W. Blanck<br>Blanck & Cooper, P.A.<br>5730 SW 74th Street<br>Suite 700<br>Miami, FL 33143 | Christopher S. Carver<br>Anthony J. Cuva<br>Ackerman Senterfitt<br>One Southeast Third Avenue<br>25th Floor<br>Miami, FL 33131 |
| Andrew B. Schimmel<br>Ben Westcott<br>Moore & Lee, LLP<br>500 E. Broward Blvd., Suite 1820<br>Ft. Lauderdale, FL 33394 | |