UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 08-61757-CIV-MORENO

IN RE: THE PETITION OF THE MS
" M A D E L E I N E "
SCHIFFAHRTSGESELLSCHAFT mbH & CO.,
KG, REEDEREI ALNWICK HARMSTORF &
CO., GmbH & CO. KB, and BANGOR CASTLE
SHIPPING COMPANY LIMITED AS OWNER,
MANAGING   OWNER   and   BAREBOAT
CHARTERER   RESPECTIVELY   OF   THE
VESSEL   M/V   "MADELEINE",   for
EXONERATION FROM OR LIMITATION OF
LIABILITY,

       Petitioners.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE came before the Court upon the Estate Claimants' Motion for Reconsideration of Court's October 15, 2009 Order Granting Clover Systems' Motion to Enforce Settlement and Denying Estate Claimants' Motion to Withdraw Settlement with Clover Systems **(D.E. No. 434)**, filed on **October 26, 2010** and Request for Oral Argument on Claimants' Motion for Reconsideration **(D.E. No. 435)** filed on **October 26, 2010**.

THE COURT has considered the motions, responses, oral argument, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion for reconsideration is DENIED and the motion for oral argument is GRANTED *nunc pro tunc*.

### I. Background

On August 20, 2009, the Estate Claimants moved to enforce their settlement with Clover Systems when Clover Systems failed to make its payment required by the settlement agreement. A

week later, the Estate Claimants withdrew the motion to enforce the settlement agreement.  Rather than pursue enforcement of the settlement agreement against Clover Systems, the Estate Claimants decided rescission of the settlement agreement was a better course of action.  On September 14, 2009, the Estate Claimants filed a motion to rescind their settlement agreement with Clover Systems.  In response, Clover Systems moved to enforce its settlement with the Estate Claimants.

The dispute centers on Clover Systems' failure to timely pay monies due under the settlement agreement with the Estate Claimants.  Clover Systems' reason for delaying payment was that it was seeking releases from the Maritime Parties as a precondition to payment.   On October 15, 2009, the Court enforced the settlement agreement finding that the appropriate remedy for the delay in payment was interest and attorneys' fees and not rescission of the settlement.

The Estate Claimants have moved to reconsider the Court's October 15, 2009 Order claiming the Court did not properly evaluate the effect of enforcing the settlement as to the minors in this case.  The Estate Claimants also argue that Mr. Novak, the attorney for Clover Systems, acted in bad faith.  To explain the change in the Estate Claimants' position, from seeking to enforce the settlement to seeking its rescission, Clover Systems points to the Estate Claimants subsequent agreement with AirGas South, where the Estate Claimants agreed to indemnify AirGas South against any future claims.   Clover Systems argues that from April 2009 it had made clear it was seeking indemnification from AirGas South for damages Clover Systems sustained in this case.  After the Estate Claimants' settlement with AirGas South, the Estates may be liable for that indemnification claim.

At oral argument, Mr. Novak represented that he tendered payment on behalf of Clover Systems to the Estate Claimants.

-2-

## II. Analysis

The Estate Claimants seek the rescission of the settlement agreement with Clover Systems claiming that Mr. Novak misrepresented the true reason for Clover's failure to make a timely payment -- "a belated, un-bargained-for written release from the maritime defendants rather than simple logistical difficulties with the transfer of the money." Estate Claimants' Mot. for Rec. at 5. A reading of the settlement agreements belies the Estate Claimants' position that Clover Systems was acting in bad faith.

When the terms of the writing are plain and unambiguous, courts should not look beyond the written language of the document to determine the intent of the parties. *F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342 (S.D. Fla. 2007). The contract is not ambiguous merely because one of the parties disputes its proper interpretation. *Id.*, 494 F. Supp. 2d at 1357. To the extent possible, courts must give effect to every word, term, or phrase. *Id.*, 494 F. Supp. 2d at 1358. There are two relevant paragraphs in the settlement agreements the Court must construe. In the Estate Claimants agreement with Clover Systems, paragraph 9 reads as follows:

> 9. The Estates represent that in a separate agreement(s) with MS "MADELEINE SCHIFFARTSGESELLSCHAFT mbH & CO. KG, REEDEREI ALNWICK HARMSTORF & CO. GMBH & CO. KG, BANGOR CASTLE SHIPPING COMPANY LIMITED, the M/V *MADELEINE,* TRINITY SHIPPING LINE, S.A., INTEROCEAN LINES, INC., CARLOS ABLERT PARRA, ASSURANCE FORENINGEN GARD GJENSIDIG, and NAVIGATORS INSURANCE COMPANY, all as defined in those separate agreement(s) (collectively, "the Maritime Parties"), the Maritime Parties have agreed to dismiss all claims raised in the Federal Lawsuit and in the State Lawsuits with prejudice, *and have agreed to release any and all claims in contract or in tort, including, but not limited to, claims for indemnification or contribution, that were or could have been asserted against the Parties to this Agreement* arising from the May 19-20, 2008, events giving rise to the Federal

and State Lawsuits against the Defendant parties to this Agreement.

¶ 9, Land-Based Interests Settlement Agreement (emphasis added).   Unambiguously, the Estate Claimants made a representation to Clover Systems and the other Land-Based Parties that the Maritime Parties would dismiss *and release* them from any and all claims.  Notably, in the Estate Claimants agreement with the Maritime Parties, there is no language that procures a release from these parties in favor of Clover Systems and the other Land-Based Parties.  The Estate Claimants' agreement with the Maritime Parties, reads:

> 9. Petitioners, the Vessel, and Charterers Interests shall dismiss with prejudice any claims asserted in the [sic] any of the lawsuits referenced in Paragraph 1 above, with prejudice, with each party to bear their own costs and attorneys fees.

¶ 9, Maritime-Interests Settlement Agreement.  This paragraph fails to require a release from the Maritime Parties in favor of Clover Systems and the other Land-Based Parties.  Despite this failure, the Estate Claimants clearly represented to Clover Systems and the other Land-Based Parties that they had procured a *dismissal and release* of all claims by the Maritime Parties in favor of the Land-Based Parties.  *See* ¶ 9, Land-Based Interests Settlement Agreement.  Accordingly, the Court does not find that Clover Systems' request for releases was in bad faith.  There was a clear representation from the Estate Claimants that releases from the Maritime Parties would be forthcoming.

To remedy the delayed payment, the Court rules consistent with its prior order that Clover Systems shall pay interest and attorneys' fees.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of February, 2010.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record